The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion concerning Act 447 of 1991. Specifically, you ask whether this act is applicable to the City of Hartford, its agents or employees, who supervise community service projects pursuant to an agreement with the municipal court.
For the reasons that follow, it is my opinion that the answer to your question is "no."
Act 447 of 1991, which is now codified at A.C.A. § 16-17-127
(Cum. Supp. 1991) requires "persons" who provide certain services[1] to a municipal court, by virtue of a contract, to register with the Secretary of State and file either a surety bond or a certificate of deposit of fifty thousand dollars. Cities and counties or persons aggrieved by the acts or omissions of the contracting party or its agents and employees may bring an action to recover damages from the bond.
It is my opinion, consistent with the apparent legislative intent of Act 447, that this requirement is inapplicable to cities who have contracted for its employees to provide services to municipal courts.
First, the definition of a "person" at A.C.A. § 16-17-127(4)(d), means "any individual, corporation, partnership, firm, association, or other business entity." It is my opinion that this definition does not include municipal corporations, or their agents or employees. This definition appears to encompass "business entit[ies]," rather than public corporations.
Second, the legislative intent of the section is stated as being to "insure the integrity of the court and to protect the city and county officials before services regulated by this section are rendered. . . ." Toward this end, the statute requires the contracting entities to be bonded. Agents and employees of cities are presumably already bonded pursuant to provisions of state law. See A.C.A. § 21-2-701 et seq.
Finally, in my opinion, the legislative intent of the section was to ensure that the legally actionable acts and omissions of these contracting parties would not go unrecompensed. Agents and employees of municipal corporations, however, are immune from liability or suit for damages for acts or omissions occurring within the scope of their duties. A.C.A. § 21-9-301 (Cum. Supp. 1991).
For all of the reasons set out above, it is my opinion that the legislative intent behind Act 447 of 1991 was not to require municipal corporations, their agents and employees to comply with the act's bonding requirements.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] These services include 1) probation services, 2) pre-trial supervised release programs, 3) alternate sentencing programs, and 4) the collection and enforcement of fines and costs.